MELITA, The (HATTON v.). See Case No. 6,218.

MELLINGER v. FIRST NAT. BANK OF MT. PLEASANT. See Case No. 4,135.

## Case No. 9,401.

### In re MELLOR et al.

[10 Ben. 58; 17 N. B. R. 402; 26 Pittsb. Leg. J. 8.] [1]

District Court, N. D. New York. July, 1878.

BANKRUPTCY—STATE PROPERTY—SALE BY WARDEN OF STATE PRISON—PRIORITY.

S., who was the warden of Clinton prison, in the state of New York, sold to M. & Co. goods which were the property of the state. Thereafter M. & Co. being in bankruptcy, S. filed a proof of debt for the price of the goods, stating the debt to be due to him as agent and warden of Clinton state prison. A priority for the debt was claimed as due in fact to the state of New York: *Held*, that the debt was entitled to such priority.

[In the matter of Joseph Mellor and John Mellor, bankrupts.]

William A. Beach, for the State.
Martin A. Knapp, for assignee.

## Case No. 9,402.

### In re MELLOR et al.

[1 Pa. Law J. 134; 1 Pa. Law J. Rep. 26.]

District Court, W. D. Pennsylvania. July 22, 1842.

BANKRUPTCY—PETITION FILED — TITLE THEREAFTER TO PROPERTY—EXECUTION LEVIED.

The property mentioned in the schedule of a petitioner belongs to his creditors from the time of filing his petition, and an injunction will be granted to stay proceedings, on an execution issued after the filing of such petition, unless it should be shown that the application was not bona fide.

The question decided by the court arose in the case of John H. Mellor & Co., who presented their petition for the benefit of the bankrupt law [of 1867 (14 Stat. 517)], on the 6th ult., at which time the court ordered cause to be shown on the 5th of September, why they should not be declared bankrupts. It seems, that on the day after this order was made, an execution was placed in the hands of the sheriff of Allegheny county, in favor of Adams H. Gale & Co., by virtue of which the said sheriff had levied upon various articles of household furniture, which were returned by the said petitioners in their schedules for the benefit of all their creditors, in consequence of which they petitioned the court for protection. Upon this petition, the court directed notice to be given to the execution creditors to show cause why an injunction should not issue, to restrain the sale under said execution until further order.

On the 22d of July, Magraw and Hamilton appeared for said creditors, and Mr. Austin for petitioners.

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission. 26 Pittsb. Leg. J. 8, contains only a partial report.]

After argument, THE COURT decided, that from the time of filing a petition in bankruptcy, the petitioner is by law deemed a bankrupt, and the property mentioned in his schedule, if not secured by previous lien, belonged to his creditors generally, and could not be legally seized upon execution by any one of them; that, if it remained in possession of the petitioner, it was in trust for his creditors; and that after the decree in bankruptcy their rights related back to the time of filing the petition; and that it would be the duty of the assignee in bankruptcy to demand such property, or to sue for it or its value, as circumstances might require. Unless, therefore, it was proved that the application for the benefit of the bankrupt act was not bona fide made, an injunction would be directed to issue to prevent the sale of property mentioned in the execution, until further order, with permission to the respondents to move to have it dissolved in case the petition is not prosecuted, or in case a decree in bankruptcy should not be granted.